FILED
RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AYESHA BOYLAND, on behalf of
herself and those similarly situated,

Plaintiff,

vs.                                                             CASE NO.: 6:17-cv-1152-ORL-40KRS

FAHRENHEIT PLUMBING, LLC,
_____Defendant._____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, AYESHA BOYLAND, by and through the undersigned attorney, and sues the Defendant, FAHRENHEIT PLUMBING, LLC (hereinafter referred to as "Defendant"), and alleges as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against her former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover, from Defendant, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

### PARTIES

3. Plaintiff was employed as an "accounts receivable/payable associate" for Defendant and performed related activities at their Longwood, Florida place of business located at 400 North Street, Suite 144, Longwood, Florida, 32750.

4. Defendant is a Florida Corporation which operates and conducts business

in the City of Longwood, Seminole County, Florida, and is therefore within the jurisdiction of this Court.

## JURISDICTION

5. This action arises under the FLSA, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in the City of Longwood, Seminole County, Florida.

## FACTS

7. Defendant is an organization providing residential and commercial plumbing services to the general public.

8. Plaintiff worked for Defendant without being paid the correct overtime premium rate of time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

9. Plaintiff worked as an "accounts receivable/payable associate" for Defendant and performed related activities in Seminole County, Florida.

10. In this capacity, Plaintiff was responsible for receiving, processing, and remitting payment for all invoices related to Defendant's services rendered.

11. Plaintiff worked for the Defendant from approximately August 25, 2014 through July 26, 2016.

12. Plaintiff was initially paid $12.50 per hour, and was awarded an increase to $13.00 per hour in or around April of 2015.

13. Plaintiff worked overtime hours on a weekly basis throughout her employment.

14. Specifically, Plaintiff accepted after hours calls on Friday evenings after six o'clock and all day on Saturdays and Sundays.

15. Plaintiff was paid a flat fee for these hours between $20 and $45.

16. The flat fee was paid to Plaintiff without regard to the hours that she worked after hours on the weekends.

17. Plaintiff was not compensated at the correct overtime premium rate of time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

18. Despite working more than forty (40) hours per week, Plaintiff was not paid compensation for all hours worked over forty (40) hours within a work week during several weeks of employment.

19. Defendant was aware of the overtime hours worked.

20. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

## COVERAGE

21. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

22. At all material times relevant to this action (2014 to the present),

Defendant made gross earnings of at least $500,000 annually.

23. At all material times relevant to this action, Defendant accepted payments from customers based issued by out-of-state banks, nationwide.

24. At all material times relevant to this action, Defendant routinely ordered office equipment, materials, products, and supplies from out-of-state vendors and/or entities (i.e., computers, telephones, paper, etc.).

25. At all material times relevant to this action, Defendant had two (2) or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e., computers, telephones, paper, etc.).

26. At all material times relevant to this action, Plaintiff was individually engaged in interstate commerce during her employment with Defendant by, including, but not limited to, receiving, processing, and remitting payment for all invoices related to Defendant's services rendered.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST FAHRENHEIT PLUMBING, LLC

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 26 above.

28. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

29. Plaintiff worked overtime hours but was not paid time and one- half her regular rate of pay for the same during several weeks.

30. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. Defendant neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

32. As a result of Defendant's willful violation of the FLSA, Plaintiff and the class members are entitled to liquidated damages.

WHEREFORE, Plaintiff, AYESHA BOYLAND, demands judgment against FAHRENHEIT PLUMBING, LLC, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendant did not properly compensate Plaintiff liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 21st day of June, 2017.

s/ Carlos V Leach
Carlos V. Leach, Esq.
FL Bar No.: 0540021
MORGAN & MORGAN, P.A.
Post Office Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Email: CLeach@forthepeople.com
*Attorney for Plaintiff*