# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AYESHA BOYLAND,**

    **Plaintiff,**

**v.**                                                  **Case No: 6:17-cv-1152-Orl-40KRS**

**FAHRENHEIT PLUMBING, LLC,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT (Doc. No. 17)**
>
> **FILED:** August 24, 2017

Plaintiff, Ayesha Boyland, on behalf of herself and others similarly situated, filed a complaint in this case against Defendant, Fahrenheit Plumbing, LLC. In the complaint, Plaintiff alleged that Defendant failed to pay her overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Doc. No. 1. As of the writing of this Report and Recommendation, no other individuals have filed consents to join the case.

Counsel for the parties have entered into a settlement agreement. Doc. No. 17-1. They ask that the Court find that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Under the settlement agreement, Defendant will pay Plaintiff $3,000.00 for FLSA compensation and liquidated damages and an additional $4,350.00 to her counsel for attorney's fees. Doc. No. 17-1, at 4. Because Plaintiff originally asserted that she was entitled to $2,754.00 in FLSA compensation (Doc. No. 17, at 4 n.1) and an equal amount of liquidated damages, Plaintiff has compromised her claim. Counsel explain that the compromise was based on review of time and pay records which showed that Plaintiff's claim was overstated, the narrowed period of the "disputed pay practices," and the extensive settlement negotiations between the parties through their counsel. *Id.* at 3-4 & n.1. This adequately explains the reason for the compromise.

When, as here, a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether the plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). In this case, counsel represent that the attorney's fees were negotiated separately from Plaintiff's recovery. While this certification does not also state that the attorney's fees were agreed upon irrespective of the amount paid to Plaintiff, as required by *Bonetti*, the Court may find that the attorney's fees did not taint the amount Plaintiff agreed to accept because counsel for the parties represent that, after review of time and pay records, Plaintiff is receiving all of the compensation to which she was arguably entitled. Doc. No. 17, at 4 n.1.

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

The Court also considers whether there are other factors that may undermine the fairness of the settlement. Three such issues are presented in the settlement agreement.

First, the release is limited to any claims Plaintiff may have under the FLSA "for back wages and liquidated damages" as of the date of execution of the settlement agreement. Doc. No. 17-1, at 3. The presiding District Judge in this case has found such a release of wage claims to be reasonable. *Cooper v. Garda CL Se., Inc.*, Case 6:15-cv-1677-PGB-KRS, 2015 WL 9244682, at * 1 (M.D. Fla. Dec. 18, 2015). However, the releasees include individuals and entities other than Defendant, including releasees who cannot currently be identified (such as successors and assigns of Defendant). Doc. No. 17-1, at 3. The Court should consider whether the definition of releasees undermines the fairness of the settlement.

Second, the settlement agreement allows the parties to modify it by written agreement. Doc. No. 17-1, at 7 ¶ 12. Approving a settlement agreement that may be later modified would allow the parties to circumvent the fairness finding required by *Lynn's Food*. The settlement agreement contains a severance clause which permits the Court to sever provisions of the settlement agreement, other than the release. *Id.* at 6 ¶ 9. Therefore, I recommend that the Court sever the portion of the settlement agreement permitting later amendment by written agreement.

Third, the settlement agreement provides that the amounts Defendant agrees to pay will not be delivered until after the Court dismisses this case with prejudice. *Id.* at 3. This raises a concern that Plaintiff may have to file a separate breach of contract action to obtain the agreed settlement proceeds after this case is dismissed with prejudice. Therefore, I recommend that counsel for Defendant advise the Court within the time permitted to object to this Report and Recommendation that they hold the settlement sums in their trust account and that the Court order that those funds be tendered to Plaintiff and her attorneys by a date certain.

In sum, if the Court finds that the definition of releasees does not render the settlement agreement unfair and unreasonable, I **respectfully recommend** that the Court do the following:

1. **SEVER** from the settlement agreement the language in paragraph 12 of the agreement permitting the parties to amend, modify, alter or change the settlement agreement "by a written agreement which is both signed by all parties and which makes specific reference to this Agreement." Doc. No. 17-1, at 6 ¶ 12.

2. **FIND** that the settlement agreement is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **REQUIRE** counsel for Defendant to deliver to Plaintiff and her attorneys by a date certain the settlement sums, provided that they have advised the Court that they hold those funds in their trust account;

4. **DISMISS** the case with prejudice and **DECLINE** to reserve jurisdiction to enforce the settlement agreement; and,

5. **DIRECT** the Clerk of Court to close the case.

Alternatively, if the Court finds that the settlement agreement is not a fair and reasonable resolution of Plaintiff's FLSA claim, then I **respectfully recommend** that the Court **DENY** the motion and **REQUIRE** counsel to meet to prepare and file a case management report by dates established by the Court.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 7, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy